FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
NANUBHAI M. PATEL,
LALITABEN N. PATEL,
VIMAL NANU PATEL,
VIMAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANUBHAI M. PATEL; LALITABEN N. PATEL; VIMAL NANU PATEL, VIMAL, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Section 1983] |

Plaintiffs NANUBHAI M. PATEL, LALITABEN N. PATEL, VIMAL NANU PATEL, VIMAL, INC. ("N. Patel," "L. Patel," "V. Patel," and "VM, " or collectively "Plaintiffs") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the Fourth, Fifth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendants CITY OF LOS ANGELES, COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("City," "County" and "SD"), are public entitiesin this District and the other individual defendants reside in this district and the claims arose in this District.

3. The County is a municipal corporation formed and operating under its local charter and the laws of the State of California.

4. SD is a branch of the County formed and operating under its local charter and and the laws of the State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to them at this time. Plaintiffs are informed

and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

<u>PRELIMINARY FACTUAL HISTORY</u>

6. At all times material herein, Plaintiffs N. Patel and L.. Patel were husband and wife residing in Orange County, CA. Plaintiff V. Patel is their son.

7. Plaintiff VM is a California corporation duly formed and in good standing under the laws of the State of California. Plaintiffs N. Patel, L. Patel, and V. Patel are the principal shareholders, directors and officers of VM which is licensed and operates a motel that they own that is commonly known as the Hyland Motel located at 7041 Sepulveda Blvd., Van Nuys, CA 91405 ("Motel")

8. On May 25, 2018, the City by way of its City Attorney's Office instituted a nuisance abatement proceedings against the Plaintiffs to abate an alleged public nuisance existing at the motel. The case is entitled <u>People of the State of California v Vimal, Inc.</u>, et al.; LASC BC707774 ("State Case").

9. On November 21, 2019, the Los Angeles County Superior Court filed and entered a judgment in the state case against the Plaintiffs that included a money judgment in the amount of $98,318.71 ("Judgment").

10. During the pendency of the case until the present, Plaintiffs were and are at present, represented by Frank A. Weiser of the Law Offices of Frank A. Weiser, the attorney representing them in this action ("Weiser").

11. On September 22, 2021, upon the request of the City, the clerk of the Los Angeles Superior Court issued a writ of execution ("Writ") against the Plaintiffs in the amount of the Judgment, without the City or the Court giving prior notice to Plaintiffs and Weiser in violation of the procedural component of the Due Process Clause of the Fourteenth Amendment of the United State's Constitution Due Process Clause.

12. On or about September 28, 2021, the County and SD executed the writ against the bank accounts of the Plaintiffs held at the Bank of America branch located at 727 S. Brea Blvd., Brea, CA 9281-5310 and seized approximately $98,000.00 held in Plaintiffs' personal and business bank accounts without the City, the Court, the County and SD giving prior notice to Plaintiffs and Weiser in violation of the procedural component of the Due Process Clause of the Fourteenth Amendment of the United State's Constitution Due Process Clause.

13. The issuance and the execution of the writ by the City, the Court, the County and SD giving prior notice to Plaintiffs and Weiser is pursuant to California state law post-judgment execution procedures which do not require that notice and opportunity to be heard gbe given to a judgment debtor, or their counsel of record, prior to the garnishment of the money judgment amount.

4

16 . In California, and under federal law, a judgment entered in violation the Fourteenth Amendment of the United State's Constitution Due Process Clause.can be attacked in any court of competent jurisdiction at any time even if a party seeks unsuccessfully to set it aside by way of a statutory procedure such as a motion to vacate the judgment.

17. The Defendants issuance and execution of the writ was entered in violation of the Fourteenth Amendment of the United State's Constitution Due Process Clause.

18. As a result of the actions of the Defendants, and each of them, Plaintiffs, and each of them, have been injured, and are threatened to be further injured in their interest in the Hotel without the required constitutional notice and opportunity to be heard.

Based on the above facts, Plaintiffs allege the following claims:

**FIRST CLAIM FOR RELIEF**

**(Violation of Civil Rights Under 42 U.S.C. Section 1983**

**by all Plaintiffs Against All Defendants)**

19. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 18, and all its subparts, inclusive, as set forth hereinabove.

20. Plaintiffs are informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the Defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City and County of Los Angeles , and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

21. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-18 above, the Defendants, and each of them, violated and further threatens to violate the constitutional and civil rights of Plaintiffs, in particular its individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from to be free from an unreasonable search and seizure of its property, which Amendment applies in civil garnishmment of property and monies, both on the face of the writ and levy and as applied to the Plaintiffs; and further violated and fthreatens to violate the Fifth Amendment and Fourteenth Amendments of the United States Constitution, on its face and as applied to the Plaintiffs, as an unconstitutional taking of their property and monies; and further violates and threatens to violate the the Fourteenth Amendments of the United States Constitution, on its face and as applied to the Plaintiffs, the procedural component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

22. The Defendants City, County, and SD's actions described in paragraphs 1-18 above were done pursuant to official policy, custom, or practice of the City, and County.

23. As a proximate result of the foregoing acts of the Defendants, and each of them, Plaintiffs have suffered, and are further threatened to suffer, extreme hardship and damages, which damages includes, but is not limited to, economic and non-economicdamages, in an amount according to proof at trial but believed not to be less than $10,000,000.00 as to each Plaintiff, and also entitling them to appropriate declaratory and injunctive relief against all the Defendants, and to Plaintiffs' reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages in an amount according to proof at trial but not less than $10,000,000.00

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

4. For costs of suit;

5. For such other and further relief as the Court deems just and proper.

DATED: October 7, 2021                    LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for
Plaintiffs NANUBHAI M. PATEL,
LALITABEN N. PATEL,
VIMAL NANU PATEL,
VIMAL, INC.

7

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: October 7, 2021        LAW OFFICES OF FRANK A.
                              WEISER


                              By: /s/ Frank A. Weiser
                              FRANK A. WEISER, Attorney for
                              Plaintiffs NANUBHAI M. PATEL,
                              LALITABEN N. PATEL,
                              VIMAL NANU PATEL,
                              VIMAL, INC.