JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-01707-DOC-KES            Date: February 9, 2022

Title: NANUBHAI M. PATEL ET AL. V. CITY OF LOS ANGELES ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTIONS TO DISMISS [21, 26]**

Before the Court is Defendant City of Los Angeles's ("City") Motion to Dismiss ("City Motion" or "City Mot.") (Dkt. 21) and Defendants County of Los Angeles and Los Angeles County Sheriff's Department's ("County") Motion to Dismiss ("County Motion" or "County Mot.") (Dkt. 26) (collectively "Defendants"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Defendants' Motions.

## I.     Background

### A.     Facts

This case arises out of a civil nuisance abatement action and the resulting judgment entered into by the state court. *See generally* First Amended Complaint ("FAC") (Dkt. 20). Plaintiffs own and operate a motel. *Id.* ¶ 7. The City Attorney, on behalf of the People of the State of California ("People"), filed a civil nuisance abatement action in Los Angeles Superior Court against Plaintiffs due to an alleged public nuisance activity at Plaintiffs' motel. *Id.* ¶ 8. The Los Angeles Superior Court entered a judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES    Date: February 9, 2022

Page 2

that included an award of $98,318.71 to the People. *Id.* ¶ 9. Upon the City's request, the clerk of the Los Angeles Superior Court issued a writ of execution in the amount of the judgment against Plaintiffs. *Id.* ¶ 11. The County executed the writ and, as a result, approximately $98,000.00 was seized from Plaintiffs' personal and business bank accounts. *Id.* ¶ 12. Plaintiffs now sue the County and City alleging that the procedure of the writ of execution and levy violated their civil rights under the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. *Id.* ¶ 25.

    **B.**    **Procedural History**

On October 14, 2021, Plaintiffs filed their Complaint in this Court (Dkt. 1). Plaintiffs filed their First Amended Complaint on November 29, 2021. Defendant City filed its Motion to Dismiss on December 13, 2021. Defendant County filed its Motion to Dismiss on December 15, 2021. Plaintiff opposed Defendant City's Motion ("Opp'n to City") (Dkt. 28) and Defendant County's Motion ("Opp'n to County") (Dkt. 29) on January 3, 2022. Defendant City replied ("City Reply") (Dkt. 31) and Defendant County replied ("County Reply") (Dkt. 30) on January 10, 2022.

**II.**    **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES                    Date: February 9, 2022

Page 3

*Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Discussion

Plaintiffs allege Defendants have violated their civil rights under U.S.C. § 1983 through their actions enforcing the writ of execution. More specifically, Plaintiffs allege Defendants violated their constitutional rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses, First Amendment's Petition and Grievances Clause, Fourth Amendment's Search and Seizure Clause, and Fifth Amendment's Taking Clause. FAC ¶ 25. The Court considers each argument in turn.

#### A. Fourteenth Amendment

##### i. Due Process Clause

Plaintiffs concede that Defendants acted in accordance with California's post-judgment collection procedures. FAC ¶ 13. Instead, Plaintiffs assert the procedure and lack of prior notice under the statute violate procedural due process. FAC ¶¶ 18, 25. In response, Defendants argue California's procedures do not violate due process rights based on precedent and the factors articulated under *Mathews*. *See* City Mot. at 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES           Date: February 9, 2022

Page 4

"The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (internal quotations omitted)). To establish a due process claim, there must be "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Board of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Under the California Code of Civil Procedure, a levying officer is required to serve a copy of the writ of execution and a notice of levy to a judgment debtor "at the time of levy...or promptly thereafter." Cal. Code Civ. Proc. § 700.010(a). Although the Ninth Circuit has not directly addressed the issue of post-judgement *notice*, numerous other circuits have rejected claims similar to Plaintiffs'. *See, e.g.*, *Dionne v. Bouley*, 757 F.2d 1344, 1352 (1st Cir. 1985) ("[I]t is perfectly consistent with *Mathews* not to require notice or hearing before a post-judgment attachment); *McCahey v. L.P. Investors*, 774 F.2d 543, 549-50 (2d Cir. 1985) ("[The plaintiff] argues that additional procedural protections must be accorded debtors before seizure: specifically notice and a hearing. We disagree. . . A fortiori, it can hardly be required where the creditor's claim has been finally confirmed by a court, and where the risk that the debtor will conceal assets is stronger than in the pre-judgement context."); *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976) ("[D]ue process of law does not require notice and an opportunity for a hearing on entitlement to the exemption before wages are garnished in accordance with Florida law.").

Without clear binding authority from the Ninth Circuit, the Court applies the *Mathews* factors to evaluate whether there was a violation of due process. *See Duranceau v. Wallace*, 743 F.2d 709, 711 (9th Cir. 1984). "These factors include the competing interests at stake, the risk of erroneous deprivation under existing procedures, and the value of substitute procedures." *Id*. Under the relevant factors set forth in *Mathews*, it is clear that California's post-judgment collection procedure does not violate due process. First, the City and County's competing interest in satisfying a judgment outweigh the debtor's interest, particularly when they are enforcing a court-imposed judgment and Plaintiffs do not make any specific challenges to the judgment itself. FAC ¶ 21. Second, the risk of erroneous deprivation under existing procedures is de minimus – clerks must simply copy the amount of the judgment, Cal. Code Civ. Proc. § 699.510(a), and Plaintiffs have the opportunity to resolve competing claims in the Superior Court. Third,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES                    Date: February 9, 2022

Page 5

the alternative procedures Plaintiffs seek would not be of value here where "the option of proceeding in superior court" is in itself sufficient. *See Duranceau*, 743 F.2d at 712. Moreover, "in most of the cases which have found a due process violation, the judgment debtor received no notice of possible exemptions and the property seized was necessary for the debtor's subsistence." *Id.* at 713. The Court finds that such facts are not at issue here.

Accordingly, the Court DISMISSES Plaintiffs' procedural due process claim without leave to amend.

### ii.     Equal Protection Clause

Defendant City argues that Plaintiffs insufficiently plead facts that support that they were treated differently than similarly situated debtors. *See* City Mot. at 12-14.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). To establish a violation, the "plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against [him] based on membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal citation omitted). A plaintiff can also assert an equal protection claim based on a "class-of-one," which does not depend on the plaintiff being in a protected class. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). In order to succeed on a "class-of-one" claim, the plaintiff must establish that the Defendant "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *Id.*

Here, Plaintiffs are not alleging they were discriminated against based on membership in a protected class, but that they were treated differently from other debtors. As a matter of law, Plaintiffs fail to show sufficient facts to succeed on a "class-of-one" claim. Plaintiffs only assert the following for their claim:

> The Defendants issuance and execution of the writ was entered in violation of the Fourteenth Amendment of the United State's [sic] Constitution Equal Protection Clause as pursuant to California state law pre-judgment execution procedures, the Defendants were required that notice and opportunity be given to a debtor, or their counsel of record, prior to the garnishment of the monies or property, and in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES　　　　　　　　　　　Date: February 9, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

> fact, said Defendants have provided such notice and opportunity to be heard top [sic] other debtors in pre-judgment cases.

FAC ¶ 18.

The Supreme Court and Ninth Circuit have made it clear that class-of-one claims require intentional differential treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565; *Gerhart v. Lake County*, 637 F.3d 1013, 1022 (9th Cir.2011) (noting that, for class-of-one claim, plaintiff had to "show that the Commissions intended to treat him differently from other applicants"). Here, Plaintiffs have not offered any facts to show that Defendants singled them out and intentionally treated them differently from other debtors. Thus, Plaintiffs fail to establish the first element of a "class-of-one claim." *Scocca v. Smith*, 912 F. Supp. 2d 875, 886 (N.D. Cal. 2012) (finding plaintiff did not allege enough facts to give rise to a plausible inference that he was intentionally treated differently even after he provided allegations of "at least some seventy other individuals" who were similarly situated and treated differently than him). Moreover, Plaintiffs, who are post-judgment debtors, incorrectly compare themselves to pre-judgment debtors. *Wyshak v. Wyshak*, 70 Cal.App.3d 384, 387-388 (1977) (finding due process requirements for pre-judgment and post-judgment garnishment procedures are dissimilar).

Given Plaintiffs' failure to allege sufficient facts to succeed on a "class-of-one" claim, the Court DISMISSES Plaintiffs' equal protection claim without leave to amend.

### B.　　First Amendment

Defendants argue Plaintiffs' First Amendment claim should be dismissed on the grounds that Plaintiffs fail to allege sufficient facts and as a matter of law. *See* City Mot. at 15; County Mot. at 6-7.

The First Amendment provides, in part, that Congress shall make no law abridging the right of the people "to petition the Government for a redress of grievances." U.S. Const. amend. I. While the Petition Clause does protect the right of an individual to "speak openly and petition openly," the First Amendment does not impose any affirmative obligation on the government to listen or respond to such petitions. *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464-65 (1979). Moreover, "[t]he protections afforded by the Petition Clause have been limited by the Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES                            Date: February 9, 2022

                                                                                                       Page 7

Court to situations where an individual's associational or speech interests are also implicated." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (citing cases).

       Plaintiffs allege Defendants have and continue to violate their civil rights "under the First and Fourteenth Amendments of the United States Constitution under the Petition and Grievances Clause." FAC ¶ 25. However, Plaintiffs fail to offer any facts that Defendants have violated their associational or speech interests. As discussed above, Defendants are not required to provide post-judgment debtors notice of levy prior to collecting judgment or a hearing under California's valid post-judgment collection procedure. Outside of the valid statutory procedural practices, Plaintiffs have failed to make any showing of how Defendants infringed on Plaintiffs' associational or speech interests.

       As such, the Court DISMISSES Plaintiffs' petition and grievances claim without leave to amend.

       **C.**       **Fourth Amendment**

       Defendants argue Plaintiffs cannot establish a claim under the Fourth Amendment because a seizure of property pursuant to a valid writ of execution or court order is reasonable and does not violate the Fourth Amendment. *See* City Mot. at 15-16; County Mot. at 10-11.

       The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A seizure occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005) (quoting *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984)). In order to establish a Fourth Amendment claim, a seizure must have occurred and the seizure must have been unreasonable. *Whalen v. McMullen*, 907 F.3d 1139, 1146 (9th Cir. 2018).

       While the Ninth Circuit has not explicitly addressed whether seizures pursuant to a valid writ of execution or court order are reasonable under the Fourth Amendment, other circuits have held that such seizures are reasonable. *See*, *e.g.*, *Coonts v. Potts*, 316 F.3d 745, 750–51 (8th Cir. 2003) (holding there is no unreasonable seizure when levy of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES                                 Date: February 9, 2022

Page 8

property is executed pursuant to a facially-valid writ of execution and in accordance with state and federal law); *Partin v. Davis*, 675 Fed. Appx. 575, 583 (6th Cir. 2017) (finding an officer's erroneous seizure of property "does not in itself establish a Fourth Amendment violation, especially if performed in reliance on a facially valid writ of execution or other court order"). Without clear binding authority from the Ninth Circuit, the Court adopts the reasoning of the mentioned circuits, particularly given that Defendants' actions were subject to a facially-valid writ of execution and court judgment. Moreover, Plaintiffs made no showing of nonconclusory facts to support their allegation that Defendants took part in an "unreasonable search and seizure" of their property "on the face of the writ and levy as applied to the Plaintiffs." FAC ¶ 25.

Accordingly, the Court DISMISSES Plaintiffs' seizure of property claim without leave to amend.

### D. Fifth Amendment

Defendant City argues Plaintiffs' claim under the Fifth Amendment fails as a matter of law because the money was collected as part of a validly issued writ of execution and thus, does not constitute a taking. City Mot. at 16-17. Plaintiffs allege the writ and levy procedures violated their rights and were unconstitutional. FAC ¶ 25.

Pursuant to the Takings Clause of the Fifth Amendment, the Government must not take private property for public use "without just compensation." U.S. Const. amend. V. The "Fifth Amendment's guarantee...[is] designed to bar Government from forcing some people alone to bear public burdens, which, in all fairness and justice, should be borne by the public as a whole." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978) (internal quotations omitted). "In order to state a claim under the Takings Clause, a plaintiff must first demonstrate that he possesses a "property interest" that is constitutionally protected." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1198 (9th Cir. 1998). Upon satisfying such a demonstration, the reviewing court will then proceed to determine "whether the expropriation of that interest constitutes a "taking" within the meaning of the Fifth Amendment." *Id.*

Here, Defendant City argues that 1) the valid judgment is the burden of Plaintiffs' and not the public's, and 2) the property was seized to satisfy a valid judgment, thus not constituting a "taking." City Mot. at 17 (quoting *Ezor v. McDonnell*, 2020 WL 6468448,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-1707-DOC-KES                                   Date: February 9, 2022

Page 9

at *6 (C.D. Cal. Oct. 21, 2020)). Plaintiffs respond to Defendant City's arguments by alleging the taking is unreasonable without due process of law. Opp'n to City at 10-11.

The Court agrees with Defendant City. Plaintiffs' Complaint merely alleges the Defendants took part in an "unconstitutional taking of their property and monies." FAC ¶ 25. Plaintiffs fail to allege nonconclusory facts to show the taking is unreasonable in light of the court judgment, how the Fifth Amendment protects them and their property, and why it would be the public's burden to satisfy the judgment.

As such, given the few facts alleged and the failure to respond to Defendants' arguments, the Court DISMISSES Plaintiffs' takings claim without leave to amend.

## IV.  Disposition

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss and DISMISSES WITH PREJUDICE Plaintiffs' Complaint.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                           Initials of Deputy Clerk: kdu

CIVIL-GEN